UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

COURTNEY L. THOMAS,

    Plaintiff,

v.

AARON'S INC. et al.,

    Defendants.

Case No. 1:18-cv-441

Honorable Paul L. Maloney

_____/

# **OPINION**

This is an action brought by a detainee in the St. Joseph County jail under title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-5. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against all Defendants for failure to state a claim.

**Discussion**

I.      **Factual allegations**

Plaintiff is presently housed at the St. Joseph County jail. Plaintiff sues Aaron's Inc.; Pat Stevens, the store manager[1] at the Aaron's location at 1170 W. Michigan Avenue in Three Rivers, Michigan, and Great American RTO, Inc. Aaron's Inc. is a corporation organized under the laws of the State of Georgia and authorized to do business in the State of Michigan. Great American Rent-to-Own, Inc. is a corporation organized under the laws of the State of Michigan with its registered office at 1114 W. Michigan Avenue, #6B, Three Rivers, Michigan, 49093. It appears that Great American Rent-to-Own may own and operate the Aaron's franchise where Plaintiff worked.

Plaintiff's allegations are scant:

> Plaintiff Courtney L. Thomas was discriminated against by subject of unwelcome comments and discharged based on race (black) by store manager Pat Stevens from January 15, 2016, to March 9, 2016 at the Aaron's store location in Three River [s], Michigan.

(Compl., ECF No. 1, PageID.4.) In subsequent paragraphs Plaintiff indicates that coworkers witnessed "racial harassment," Pat Stevens displayed "discrimination with uninvited remarks," and that Defendants made "harmful and discouraging statement with regard to race." (*Id*., PageID.4-5.) But, Plaintiff never describes the objectionable conduct or remarks. Plaintiff indicates that the Equal Employment Opportunity Commission (EEOC) conducted an investigation regarding Plaintiff's claims of unlawful employment practices and provided Plaintiff

---

[1] As set forth fully below, Plaintiff allegations fail to state a claim. Even if Plaintiff's had properly stated a claim under Title VII, his claim against Defendant Stevens would be properly dismissed because an individual employee/supervisor who does not otherwise qualify as an "employer" may not be held personally liable under Title VII. *Wathen v. General Electric Co*., 115 F.3d 400, 405 (6th Cir. 1997).

a "right to sue." (*Id.*, PageID.3.) Plaintiff does not allege when he received the "right to sue" from the EEOC. Plaintiff seeks "suitable relief" and "punitive damages." (*Id.*, PageID.5.)

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. § 1915(e)(2)(B)(i)).

Plaintiff's allegations might be construed as attempting to state two different types of Title VII claims: that Defendants subjected him to a hostile work environment based on his race and that Defendants discharged him based on his race.

3

### III. Hostile work environment

To state a hostile work environment claim under Title VII a plaintiff must demonstrate that:

> (1) he is a member of a protected class; (2) he was subjected to unwelcome harassment; (3) the harassment was based on plaintiff's protected status; (4) the harassment was sufficiently severe or pervasive to affect a term, condition, or privilege of employment; and (5) the employer knew or should have known about the harassing conduct but failed to take corrective or preventative actions.

*Fullen v. City of Columbus*, 514 F. App'x 601, 606-07 (6th Cir. 2013) (citing *Bailey v. USF Holland, Inc.*, 526 F.3d 880, 885 (6th Cir. 2008) and *Clay v. United Parcel Service, Inc.*, 501 F.3d 695, 706 (6th Cir. 2007)). Plaintiff alleges that he is a member of protected class, but with respect to the second, third, and fourth elements, Plaintiff alleges only conclusions, not facts. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. Moreover, with respect to the fifth element, Plaintiff does not even bother alleging the necessary conclusion. Plaintiff has failed to state a claim against Defendants under Title VII for creating a hostile work environment.

### IV. Discriminatory discharge

With respect to Plaintiff's claim that he was discharged based on his race, because he does not allege direct evidence of discriminatory intent, it is likely he would have to show that intent by circumstantial evidence using the burden-shifting framework of *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973). The Supreme Court has made clear, however, that the elements necessary to establish a *prima facie* case under *McDonnell Douglas* are not pleading requirements. *Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002). With *Swierkiewicz* in mind, the Sixth Circuit has stepped away from identifying the pleading requirements for a discriminatory employment action claim by working backwards from the proof requirements for any particular

type of claim. *See Keys v. Humana*, 684 F.3d 605, 608-10 (6th Cir. 2012). Instead, the Sixth Circuit has called upon the trial courts to work forward from the "plausibility" standard of *Twombly* and *Iqbal*. Id. at 610. A Title VII discriminatory discharge complaint, therefore:

> need not present "detailed factual allegations," [but] it must allege sufficient "factual content" from which a court, informed by its "judicial experience and common sense," could "draw the reasonable inference" . . . that [the defendant] "discriminate[d] against [the plaintiff] with respect to [his] compensation, terms, conditions, or privileges of employment, *because of* [his] race, color, religion, sex, or national origin." . . . If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied.

*Keys*, 684 F.3d at 610 (emphasis in original) (citations omitted). The Sixth Circuit concluded that even under the *Twombly/Iqbal* "plausibility" standard, a "complaint's factual allegations [must] support its legal conclusions, [even with regard to] causation in discrimination claims." *Id*.

In Plaintiff's complaint, there are no facts alleged with respect to discharge "because of" race—only the conclusion that racial discrimination was the motive.[2] Plaintiff's conclusory complaint is insufficient to permit the Court to infer that Plaintiff was discharged because of his race. It is comprised of "'naked assertion[s]' devoid of 'further factual enhancement[.]'" *Keys*, 684 F.3d at 610. It is precisely the type of complaint "that *Twombly* and *Iqbal* prohibit." *Id*. Plaintiff "must plead 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Downs v. Bel Brands USA, Inc.*, 613 F. App'x 515, 519 (6th Cir. 2015). Plaintiff's discriminatory discharge allegations fall short; they are properly dismissed for failure to state a claim.

---

[2] In *Swierkiewicz*, the Supreme Court noted that the plaintiff had alleged sufficient facts by alleging, among other things, details regarding the events leading to the plaintiff's termination and relevant dates. *Swierkiewicz*, 534 U.S. at 514.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants all will be dismissed for failure to state a claim, under 28 U.S.C. § 1915(e)(2).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:  July 12, 2018                                    /s/ Paul L. Maloney
                                                                          Paul L. Maloney
                                                                          United States District Judge